UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CHRIS DE LUCA, | ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| EQUIPMENT SALES & SERVICE, INC., | ) | |
| FORD MOTOR CORPORATION, | ) | |
| | ) | 07 CIV. 9621 |
| Defendants. | ) | |

**BRIEANT**

For his Complaint, Plaintiff, Chris De Luca, by his undersigned counsel, states as follows:

**PRELIMINARY STATEMENT**

1. The Plaintiff purchased a defective 2008 Ford truck from Defendants. He now seeks relief for Defendants' breaches of the Uniform Commercial Code, Magnuson-Moss Federal Act, 15 U.S.C. § 2310, *et seq.*, and Lemon Law.

2. The Plaintiff only had use of the new truck for approximately one month. Since then, the truck has been out of service due to repair of the fuel system. The Plaintiff now seeks to reject this vehicle and receive a refund.

**JURISDICTION AND VENUE**

3. This court has jurisdiction over this matter pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. In addition, this Court has jurisdiction over this matter pursuant to the Magnuson-Moss Federal Act, 15 U.S.C. § 2310(d)(1)(B), in that the Plaintiff claims more than $50,000 in damages,

exclusive of interest and costs, and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events giving rise to the Plaintiff's claims occurred within this District and Defendants are subject to personal jurisdiction in this District.

## PARTIES

5. The Plaintiff, Chris De Luca, is an individual residing at P.O. Box 587, Armonk, New York 10504.

6. Defendant Equipment Sales & Service, Inc. (hereafter the "Dealership") is a New Jersey corporation with a principle place of business at 152 Floyd Avenue, Bloomfield, New Jersey, 07003. The Dealership is engaged in the business of advertising, selling, and registering motor vehicles within the jurisdiction of this Court.

7. Defendant Ford Motor Corporation (hereafter the "Manufacturer," and together with the Dealership, the "Defendants"), is a Michigan corporation with a principal place of business at 16800 Executive Plaza Drive, P.O. Box 6248, Dearborn, Michigan 48121.

8. The Manufacturer is in the business of marketing, supplying, and selling motor vehicles accompanied by written warranties to the public at large through a system of authorized dealerships, including the Defendant Dealership.

## STATEMENT OF FACTS

9. On or about July 2007, the Plaintiff visited the Dealership to consider purchasing a new truck. Over the last four years, the Plaintiff purchased four new trucks from the Dealership, one of which the Plaintiff was looking to trade-in.

2

10. The Plaintiff is familiar with the Dealership's inventory because the Dealership advertises trucks for sale in a magazine entitled "Trucking & Equipment," which is mailed once a month to the Plaintiff's home address in New York.

11. During Plaintiff's visit to the Dealership on or about July 2007, the Plaintiff spoke with a salesman about purchasing a truck that was the same height as the 2004 truck.

12. After numerous discussions, the Dealership salesman assured the Plaintiff that Ford's 2008 trucks were the same height as their 2004 trucks, and would be a good choice for the Plaintiff.

13. On or about July 30, 2007, the Plaintiff purchased the 2008 Ford F-450 truck VIN # 1FDXF46R78EA16829 (hereafter, the "Vehicle") from the Dealership.

14. The purchase price of the Vehicle was $71,309.22, including the price of the Vehicle, options, fees, taxes, and less trade-in and distributor discount. The Plaintiff traded in the 2004 Ford F-450 truck he owned.

15. Legal fees in this matter are likely to exceed $25,000.

16. The Dealership registered the Vehicle for the Plaintiff at the New York Department of Motor Vehicles located in Staten Island, New York.

17. At the time of the purchase, the Dealership made representations to the Plaintiff as to the Vehicle's performance and quality and assured the Plaintiff that the Vehicle was free from defects of workmanship.

18. Purchase and warranty agreements were executed at that time.

19. Immediately thereafter, continuing malfunctions, defects and problems have plagued the Vehicle.

20. The defects substantially impair the use, value, and safety of the Vehicle to the Plaintiff.

21. On or about September 7, 2007, to the present, the Vehicle has been out of service due to repair of the fuel system.

*First Repair (on or about August 15, 2007)*

22. After only two weeks of owning the Vehicle, the Vehicle broke down.

23. The Plaintiff had the Vehicle ed to the Dealership where the main serpentine belt was replaced.

24. The Vehicle was returned to Plaintiff the next day.

*Second Repair (on or about September 7, 2007- present)*

25. Approximately two weeks later, the Vehicle broke down again. This time, the Vehicle would not exceed 15 mph and the check engine light remained illuminated.

26. On or about September 8, 2007, Smith Cairns, an authorized Ford dealership located at 900 Central Park Ave., Yonkers, New York, 10704, accepted the Vehicle for repair.

27. To date, the Vehicle has not been returned to the Plaintiff.

## FIRST COUNT
### Rejection Pursuant to UCC §§ 2-601 and 2-602

28. The Plaintiff realleges paragraphs 1 through 27 and incorporates them herein by reference.

29. As a result of the above described defects, the truck failed to conform to the contract for sale between the Plaintiff and the Defendants.

30. The Plaintiff rightfully rejected the truck within a reasonable time after taking possession.

31. As a result of this rejection, the Plaintiff is entitled to damages pursuant to the Uniform Commercial Code.

## SECOND COUNT
### (Revocation of Acceptance Pursuant to the Uniform Commercial Code § 2-608)

32. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 31 and incorporates them herein by reference.

33. Plaintiff reasonably assumed and Defendants represented that all of the aforesaid defects or nonconformities would be cured within reasonable time.

34. After numerous attempts by Defendants to cure, it has become apparent that said nonconformities cannot be seasonably cured.

35. The nonconformities substantially impair the value of the Vehicle to Plaintiff.

36. Plaintiff previously notified Defendants of said nonconformities and Plaintiffs' intent to revoke acceptance and demand return of the purchase price of said Vehicle.

37. Defendants have nevertheless refused to accept return of the automobile and have refused to refund Plaintiffs' purchase price.

## THIRD COUNT
### (Breach of Express Warranties Under the Uniform Commercial Code § 2-313 and § 2-318, and the Magnuson-Moss Federal Act 15 U.S.C. § 2301 *et seq*.)

38.  Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 37 and incorporates them herein by reference.

39.  In connection with the purchase, Defendants expressly warranted that, among other things:

    (a)  The Vehicle was fit for the ordinary purposes of safe, reliable and attractive transportation;

    (b)  The Vehicle was of good, sound and merchantable quality;

    (c)  The Vehicle was free from defective parts and workmanship;

    (d)  The Vehicle was so engineered and designed as to function without requiring unreasonable maintenance and repairs;

    (e)  In the event the Vehicle was not free from defective parts or workmanship as set forth above, the Defendants would repair or replace same without cost to Plaintiff;

    (f)  That any defects or non-conformities would be cured within a reasonable time.

40.  Defendants breached these express warranties in that the Vehicle is plagued by problems.

41.  Plaintiff has given Defendants reasonable opportunities to cure said defects and make the subject Vehicle fit for its intended purpose, but Defendants have been unable and/or refused to do so within a reasonable time.

42.  As a result of said nonconformities, Plaintiff cannot reasonably rely on the Vehicle for the ordinary purpose of safe, comfortable and efficient transportation.

43.  As a result of the breaches of express warranties, Plaintiff has been damaged.

## FOURTH COUNT
**(Breach of Implied Warranty of Merchantability Under the Uniform Commercial Code § 2-314 and § 2-318, and the Magnuson-Moss Federal Act 15 U.S.C. § 2301 *et seq.*)**

44.  The Plaintiff realleges paragraphs 1 through 43 and incorporates them herein by reference.

45.  The Vehicle was subject to implied warranties of merchantability, as defined in U.C.C. § 2-314 and § 2-318, and 15 U.S.C. § 2308, running from the Defendants to the Plaintiff.

46.  Defendants are merchants with respect to motor vehicles.

47.  An implied warranty that the Vehicle was merchantable arose by operation of law as part of the purchase of the Vehicle.

48.  Defendants breached the implied warranty of merchantability in that the Vehicle was not in merchantable condition when the Plaintiff purchased it, or at any time thereafter, and the Vehicle is unfit for the ordinary purposes for which such vehicles are used.

49. Plaintiff notified Defendants of the defects in the Vehicle, which was a reasonable time after Plaintiffs discovered the breach.

50. As a result of Defendants' breaches of the implied warranty of merchantability, Plaintiff has suffered damages, including but not limited to incidental and consequential damages.

## FIFTH COUNT
**(Breach of Written Warranty Pursuant to the Uniform Commercial Code § 2-313 and the Magnuson-Moss Federal Act 15 U.S.C. § 2301 *et seq.*)**

51. The Plaintiff realleges paragraphs 1 through 50 and incorporates them herein by reference.

52. The Plaintiff is a "consumer" as defined in 15 U.S.C. § 2301(3).

53. Defendants are "suppliers and warrantors" as defined in 15 U.S.C. § 2301(4) and (5).

54. The Vehicle is a "consumer product" as defined in 15 U.S.C. § 2301(6).

55. 15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

56. 15 U.S.C. § 2310(a)(1), requires Defendants, as warrantors, to remedy any defect, malfunction or nonconformance of the Vehicle within a reasonable time and without charge to the Plaintiff.

57. Despite repeated demands and despite the fact that Plaintiff has complied with all reasonable terms and conditions imposed on him by Defendants, Defendants

have failed to remedy the defects within a reasonable time, thereby breaching the written and implied warranties applicable to the subject Vehicle.

58. As a result of Defendants' breaches of written and implied warranties, and Defendants' failure to remedy the same within a reasonable time and without charge to Plaintiff, Plaintiff has suffered damages.

### SIXTH COUNT
### (Breach of Good Faith and Fair Dealing Obligation Under UCC § 1-203)

59. The Plaintiff realleges paragraphs 1 through 58 and incorporates them herein by reference.

60. By failing to timely repair the Vehicle or offer an appropriate settlement, the Defendants did not perform their obligations to the Plaintiff in good faith and therefore violated UCC §1-203.

61. The actions of the Defendants as described in this Complaint constitute a breach of the good faith requirement and as a proximate result the Plaintiff has sustained the damages set forth herein.

### SEVENTH COUNT
### (Breach of New Jersey Consumer Fraud Act)

62. The Plaintiff realleges paragraphs 1 through 57 and incorporates them herein by reference.

63. Defendants are "persons" as defined in N.J.S.A. 56:8-1(d).

64. The Vehicle is "merchandise" as defined in N.J.S.A. 56:8-1(c).

65. The sale of the Vehicle to the Plaintiff under the guise that it was free from defects that would substantially impair the use, safety, or value of the Vehicle represents and unlawful or deceptive trade practice under N.J.S.A. 56:8-2.

66. Defendants violated N.J.S.A. 56:8-2 in one or more of the following ways:

    (a) representing the subject Vehicle to be of good, merchantable quality, free of defects, when in fact it was not;

    (b) representing that the repairs could be performed properly, within a reasonable time, when Defendants knew, or in the exercise of reasonable care, should have known that this was not the case;

    (c) failing to reveal material facts including but not limited to the nature of the nonconformities and defects complained of herein;

    (d) failing to offer a refund of the purchase price of the subject Vehicle in accordance with the applicable warranties.

67. Defendants violated the law willfully and knowingly.

## EIGHTH COUNT
### (Breach of New York Lemon Law Gen. Bus. Law § 198)

68. The Plaintiff realleges paragraphs 1 through 63 and incorporates them herein by reference.

69. The Plaintiff is a "consumer" as defined in § 198(a).

70. At all times relevant hereto the Vehicle is a "motor vehicle" for purposes of § 198(a).

71. The Vehicle has been in repair for 30 days or more in the first two years or 18,000 miles of operation. The problems with the Vehicle substantially impair its value, use and safety to the Plaintiff.

72. The Manufacturer and Dealership, and their agents, have failed to correct the non-conformities in the Vehicle within a reasonable amount of time.

73. The Plaintiff has complied with all the requirements of New York Lemon Law.

**DEMAND FOR RELIEF**

WHEREFORE, the Plaintiff requests the following relief:

(a) An order granting rejection or revocation of acceptance of the subject Vehicle to the Plaintiff;

(b) Money damages in the form of a refund of the full contract price, including, a refund of all payments made by Plaintiff on the subject contract, options, trade-in allowance, taxes, license fees, registration fees, insurance premiums, interests, and costs, and loss of the use of the Vehicle;

(c) Equitable relief, including but not limited to, replacement with a new motor vehicle, or repair of the subject vehicle with an extension of the express and implied warranties and service contracts which are or were applicable to the subject vehicle, in the event that Plaintiff is not found to be entitled to revocation;

(d) Incidental damages and consequential damages;

(e)     Punitive damages;

(f)     Reasonable attorneys' fees; and

(g)     Such other and further relief as this Court deems just and proper.


Dated: October 24, 2007

                                              Respectfully submitted,

By _____
Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
30 Oak Street, Suite 401
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff