UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRIS DE LUCA,<br><br>                Plaintiff,<br><br>vs.<br><br>EQUIPMENT SALES & SERVICE, INC.<br>and FORD MOTOR COMPANY<br>(Improperly plead as Ford Motor<br>Corporation),<br><br>                Defendants. | Case No. 07-cv-9621<br><br>JUDGE BRIEANT |

## VERIFIED ANSWER OF DEFENDANT FORD MOTOR COMPANY WITH DEMAND FOR RESPONSES TO BILL OF PARTICULARS

Defendant, Ford Motor Company ("Ford") (improperly plead as Ford Motor Corporation), for its Answer to the Complaint filed herein, states and alleges as follows:

### AS TO PRELMINARY STATEMENT

1.    Denied.

2.    Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

### AS TO JURISDICTION AND VENUE

3.    Denied.

4.    Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

## AS TO PARTIES

5.    Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

6.    Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

7.    Admitted.

8.    Admitted.

## AS TO STATEMENT OF FACTS

9.    Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

10.    Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

11.    Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

12.    Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

13.    Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

14.    Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

15.    Denied.

16.    Admitted.

17.    Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

18.    Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

23.    Admitted.

24.    Admitted.

25.    Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

26.    Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

27.    Denied.

## AS TO THE FIRST COUNT

28.    Ford repeats and reiterates its answer to the allegations of paragraphs 1 through 27 with full force and effect as though more fully set forth herein.

29.    Denied.

30.    Denied.

31.    Denied.

## AS TO THE SECOND COUNT II

32.    Ford repeats and reiterates its answer to the allegations of the First Count with full force and effect as though more fully set forth herein.

33.    Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Admitted.

## AS TO THE THIRD COUNT

38.    Ford repeats and reiterates its answer to the allegations of Counts I and II with full force and effect as though more fully set forth herein.

39.    Admitted.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

## AS TO THE FOURTH COUNT

44.    Ford repeats and reiterates its answer to the allegations of Counts I through III with full force and effect as though more fully set forth herein.

45.    Admitted.

46.    Admitted.

47.    Admitted.

48.    Denied.

49.    Denied.

50.    Denied.

## AS TO THE FIFTH COUNT

51.    Ford repeats and reiterates its answer to the allegations of Counts I through IV with full force and effect as though more fully set forth herein.

52.    Denied.

53.    Admitted.

54.    Denied.

55.    Admitted.

56.    Admitted.

57.    Denied.

58.    Denied.

## AS TO THE SIXTH COUNT

59.    Ford repeats and reiterates its answer to the allegations of Counts I through V with full force and effect as though more fully set forth herein.

60.    Denied.

61.    Denied.

## AS TO THE SEVENTH COUNT

62.    Ford repeats and reiterates its answer to the allegations of Counts I through VI with full force and effect as though more fully set forth herein.

63.    Admitted.

64.    Admitted.

65.    Denied.

66.    Denied.

67.    Denied.

## AS TO THE EIGHTH COUNT

68.    Ford repeats and reiterates its answer to the allegations of Counts I through VII with full force and effect as though more fully set forth herein.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Denied.

73.    Denied.

## AFFIRMATIVE DEFENSES

74.    The alleged non-conformity, defect or condition does not substantially impair the use, value or safety of the vehicle.

75.    Plaintiff failed to permit defendant a reasonable number of attempts to repair the alleged non-conformity, defect, or condition, or otherwise failed to give defendant a reasonable opportunity to cure the defect.

76.    Plaintiff's vehicle was used for commercial purposes and therefore outside the purview of N.Y. General Business Law, Section 198-A.

77.    Plaintiff's Complaint does not meet the monetary prerequisites for subject matter jurisdiction.

## DEMAND FOR RELIEF

WHEREFORE, the defendant, Ford Motor Company, demands judgment dismissing the Complaint herein with costs or, alternatively, if the Complaint shall not be dismissed, that the amount of damages otherwise recoverable against said defendant shall be diminished in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct, if any, of said defendant.

FORD MOTOR COMPANY HEREBY DEMANDS A TRIAL BY JURY.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated:  November 21, 2007

s/James S. Dobis

James S. Dobis (JD1425)
DOBIS, RUSSELL & PETERSON
7 Elk Street, Lower Level
New York, NY 10007
Telephone:  (212) 593-3310
Fax:  (973) 740-2484

**ATTORNEYS FOR FORD MOTOR COMPANY**

TO:    Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES LLC
**Attorneys for Plaintiff**
30 Oak Street, Suite 401
Stamford, CT 06905
(203) 653-2250

## BILL OF PARTICULARS

1.     State the date of purchase or lease of the vehicle referred to in the Complaint and attach copies of any retail buyer's order, sales invoice, lease agreement, or financing agreement.

2.     State whether the purchase or lease of the vehicle included any rebate or incentive financing from the manufacturer.

3.     State whether the plaintiff was ever involved in any prior litigation, or Lemon Law proceeding, with any automobile manufacturer, and if so, state: (a) when; (b) the nature of the proceeding; and (c) the outcome.

4.     State whether the vehicle referred to in the Complaint is used in connection with any business or commercial purposes, and if so, the number of days per week the vehicle is used for such purposes.

5.    State whether there were any modifications, or dealer installed options, on the subject vehicle prior to, or subsequent to, delivery of the vehicle to the plaintiff.

6.    Describe all presently existing defects or conditions with the subject vehicle which substantially impairs its safety, use, or value.

7.    With respect to the preceding interrogatory, kindly state all dates on which the defect or condition was complained of, or subject to repair, and state the date, name of the dealership or repair facility, and the identity of the individual(s) to whom the complaint was made.

8.    In connection with the preceding interrogatory, kindly attach copies of all documents reflecting any complaints or repairs of any defect or condition.

9.    If any complaints of any defect or condition is not reflected in a repair order, kindly state the date on which the complaint was made, the name of the dealership, and the identity of the individual to whom the complaint was made.

10.    Kindly state whether the vehicle was ever involved in any accidents, and if so, state when and the location of the accident, and the name of the dealership or repair facility who performed repairs to the vehicle after the accident.

11.    Kindly state the names and addresses of all individuals who operate the subject vehicle:

12.    Give the names and addresses of all persons who have made any inspections, examinations, or tests of the vehicle, and attach all documentation in connection with such inspections, examinations, or tests.

13.    State the names and addresses of all persons who have knowledge of relevant facts relating to this case, and a summary of the knowledge possessed by each person.

14.    Set forth the names and addresses of all proposed expert witnesses who you expect to call at trial, and as to each: (a) state the subject matter on which the expert is expected to testify; (b) state the substance of the facts and opinions to which the expert is expected to testify; (c) state a summary of the grounds for each opinion; (d) attach true and exact copies of the entire report(s) rendered by the expert.

15.    Set forth whether the plaintiff, or anyone on his/her behalf, has complained or discussed the subject matter of this lawsuit with any representative or employee of the manufacturer, and if so, state the date of such conversations, and to the best of the recollection of the plaintiff or plaintiff's representative, what was said by all individuals who participated in the discussion.

16.    State whether plaintiff, or anyone acting on plaintiff's behalf, ever notified the manufacturer of a potential Lemon Law claim and advised the manufacturer that it had ten (10) days to repair defects or conditions to the vehicle. If so, state whether a repair attempt was given by the plaintiff, when it was given, where it was given, and if the defects or conditions were repaired.

## CERTIFICATION

I hereby certify that the copies of the reports annexed hereto rendered by either treating physicians or proposed expert witnesses are exact copies of the entire report or reports rendered by them; that the existence of other reports of said doctors or experts, either written or oral, are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

Dated:                                        19

.................................................................

Service of the within (Interrogatories) (Answers) is hereby acknowledged:                    19

.on                            19

on

.................................................................

.................................................................

Attorney(s) for Plaintiff(s)

Attorney(s) for Defendant(s)