McElroy, Deutsch, Mulvaney & Carpenter, LLP
Wall Street Plaza
88 Pine Street, 24th Floor
New York, NY 10005
(212)-483-9490
*Attorneys for Defendant, Equipment Sales & Service, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CHRIS DE LUCA,

                Plaintiff,

    v.

EQUIPMENT SALES & SERVICE, Inc.
and FORD MOTOR CORPORATION,

                Defendants.
-------------------------------------------------------------X

Docket No. 07-CV-9621
(CLB)

ANSWER OF EQUIPMENT
SALES and SERVICE, INC.

Defendant Equipment Sales & Service, Inc. ("ESS"), as and for its Answer to the Plaintiff's Complaint ("the Complaint") herein, respectfully states as follows:

### AS TO THE PRELIMINARY STATEMENT

1. ESS denies each and every allegation contained in paragraph 1 of the Complaint.

2. ESS denies each and every allegation contained in paragraph 2 of the Complaint.

### AS TO JURISDICTION AND VENUE

3. ESS denies each and every allegation contained in paragraph 3 of the Complaint.

4. ESS denies each and every allegation contained in paragraph 4 of the Complaint.

## AS TO THE PARTIES

5. ESS denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Complaint.

6. ESS admits that it is a New Jersey corporation with its principal place of business in Bloomfield, New Jersey and that it engages in sales and servicing of motor vehicles, including trucks.

7. ESS denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Complaint.

8. ESS denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Complaint.

## AS TO THE STATEMENT OF FACTS

9. ESS denies each and every allegation contained in paragraph 9 of the Complaint except admits that it has sold trucks to the plaintiff in the past and that in or about July 2007, plaintiff was interested in purchasing a new truck from ESS.

10. ESS denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the Complaint.

11. ESS admits that the plaintiff spoke to an ESS employee about purchasing a 2008 F450 truck which would be the same height as the 2003 F450 truck he already owned.

12. ESS denies each and every allegation contained in paragraph 9 of the Complaint except admits that an ESS Employee did speak to plaintiff about the heights of the trucks being the same.

13. ESS admits that it sold the plaintiff a truck with VIN # 1FDXF46R78EA16829 on or about July 30, 2007.

14. ESS denies each and every allegation contained in paragraph 9 of the Complaint except admits that the purchase price of the truck was $67,546, that certain additional equipment and options were added at the plaintiff's request, raising the price to $68,446 and that ESS accepted the plaintiff's 2003 F450 truck in trade for a credit of $28,000 and gave him a distributor discount of $4,000 for a balance due of $ 28,446, plus tax.

15. ESS denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the Complaint.

16. ESS denies each and every allegation contained in paragraph 16 of the Complaint except admits that it prepared certain registration paperwork at its Bloomfield, New Jersey office and arranged for overnight delivery to another company, which performed the work necessary to get the truck registered in New York and that said company returned the paperwork to ESS in New Jersey.

17. ESS denies each and every allegation contained in paragraph 17 of the Complaint.

18. ESS denies each and every allegation contained in paragraph 18 of the complaint except admits that Ford Motor Company and Chevron issued certain purchase and warranty materials, the contents of which speak for themselves and to which this Court is respectfully referred.

19. ESS denies each and every allegation contained in paragraph 19 of the Complaint.

20. ESS denies each and every allegation contained in paragraph 20 of the Complaint.

21. ESS denies each and every allegation contained in paragraph 21 of the Complaint.

22. ESS denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Complaint.

23. ESS denies each and every allegation contained in paragraph 23 of the Complaint.

24. ESS denies each and every allegation contained in paragraph 24 of the Complaint.

25. ESS denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 of the Complaint.

26. ESS denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of the Complaint.

27. ESS denies each and every allegation contained in paragraph 27 of the Complaint and asserts that the plaintiff refused to accept return of the vehicle despite it being offered to him in full working condition.

## AS TO THE FIRST COUNT

28. ESS repeats and realleges its responses to paragraphs 1 through 27 of the Complaint as though set forth fully and at length herein.

29. ESS denies each and every allegation contained in paragraph 29 of the Complaint.

30. ESS denies each and every allegation contained in paragraph 30 of the Complaint.

31. ESS denies each and every allegation contained in paragraph 31 of the Complaint.

## AS TO THE SECOND COUNT

32. ESS repeats and realleges its responses to paragraphs 1 through 31 of the Complaint as though set forth fully and at length herein.

33. ESS denies each and every allegation contained in paragraph 33 of the Complaint.

34. ESS denies each and every allegation contained in paragraph 34 of the Complaint.

35. ESS denies each and every allegation contained in paragraph 35 of the Complaint.

36. ESS denies each and every allegation contained in paragraph 36 of the Complaint.

37. ESS denies each and every allegation contained in paragraph 37 of the Complaint.

## AS TO THE THIRD COUNT

38. ESS repeats and realleges its responses to paragraphs 1 through 37 of the Complaint as though set forth fully and at length herein.

39. ESS denies each and every allegation contained in paragraph 39 of the Complaint.

40. ESS denies each and every allegation contained in paragraph 40 of the Complaint.

41. ESS denies each and every allegation contained in paragraph 41 of the Complaint.

42. ESS denies each and every allegation contained in paragraph 42 of the Complaint.

43. ESS denies each and every allegation contained in paragraph 43 of the Complaint.

## AS TO THE FOURTH COUNT

44. ESS repeats and realleges its responses to paragraphs 1 through 43 of the Complaint as though set forth fully and at length herein.

45. ESS denies each and every allegation contained in paragraph 45 of the Complaint and respectfully refers all questions of law to the Court at the time of trial.

46. ESS denies each and every allegation contained in paragraph 46 of the Complaint and respectfully refers all questions of law to the Court at the time of trial.

47. ESS denies each and every allegation contained in paragraph 47 of the Complaint and respectfully refers all questions of law to the Court at the time of trial.

48. ESS denies each and every allegation contained in paragraph 48 of the Complaint.

49. ESS denies each and every allegation contained in paragraph 49 of the Complaint.

50. ESS denies each and every allegation contained in paragraph 50 of the Complaint.

## AS TO THE FIFTH COUNT

51. ESS repeats and realleges its responses to paragraphs 1 through 50 of the Complaint as though set forth fully and at length herein.

52. ESS denies each and every allegation contained in paragraph 52 of the Complaint and respectfully refers all questions of law to the Court at the time of trial.

53. ESS denies each and every allegation contained in paragraph 53 of the Complaint and respectfully refers all questions of law to the Court at the time of trial.

54. ESS denies each and every allegation contained in paragraph 54 of the Complaint and respectfully refers all questions of law to the Court at the time of trial.

55. ESS denies each and every allegation contained in paragraph 55 of the Complaint and respectfully refers all questions of law to the Court at the time of trial.

56. ESS denies each and every allegation contained in paragraph 56 of the Complaint and respectfully refers all questions of law to the Court at the time of trial.

57. ESS denies each and every allegation contained in paragraph 57 of the Complaint.

58. ESS denies each and every allegation contained in paragraph 58 of the Complaint.

## AS TO THE SIXTH COUNT

59. ESS repeats and realleges its responses to paragraphs 1 through 58 of the Complaint as though set forth fully and at length herein.

60. ESS denies each and every allegation contained in paragraph 60 of the Complaint and respectfully refers all questions of law to the Court at the time of trial.

61. ESS denies each and every allegation contained in paragraph 61 of the Complaint and respectfully refers all questions of law to the Court at the time of trial.

### AS TO THE SEVENTH COUNT

62. ESS repeats and realleges its responses to paragraphs 1 through 61 of the Complaint as though set forth fully and at length herein.

63. ESS denies each and every allegation contained in paragraph 63 of the Complaint and respectfully refers all questions of law to the Court at the time of trial.

64. ESS denies each and every allegation contained in paragraph 64 of the Complaint and respectfully refers all questions of law to the Court at the time of trial.

65. ESS denies each and every allegation contained in paragraph 65 of the Complaint and respectfully refers all questions of law to the Court at the time of trial.

66. ESS denies each and every allegation contained in paragraph 66 of the Complaint and respectfully refers all questions of law to the Court at the time of trial.

67. ESS denies each and every allegation contained in paragraph 67 of the Complaint.

### AS TO THE EIGHTH COUNT

68. ESS repeats and realleges its responses to paragraphs 1 through 67 of the Complaint as though set forth fully and at length herein.

69. ESS denies each and every allegation contained in paragraph 69 of the Complaint and respectfully refers all questions of law to the Court at the time of trial.

70. ESS denies each and every allegation contained in paragraph 70 of the Complaint and respectfully refers all questions of law to the Court at the time of trial.

71. ESS denies each and every allegation contained in paragraph 71 of the complaint.

72. ESS denies each and every allegation contained in paragraph 72 of the complaint.

73. ESS denies each and every allegation contained in paragraph 73 of the Complaint and respectfully refers all questions of law to the Court at the time of trial.

## AS AND FOR A CROSS CLAIM AGAINST DEFENDANT FORD MOTOR COMPANY s/h/a FORD MOTOR CORPORATION

If the Plaintiff was caused to sustain damages at the time and place and in the manner alleged in the Complaint, which ESS denies, then in such event, said damages were sustained by reason of the sole, active and primary carelessness, recklessness, negligence, strict liability breach of contract, breach of warranty and/or other affirmative act, omission or other conduct of Defendant Ford Motor Company, its agents, employees or representatives, for which Defendant Ford Motor Company is liable and responsible, without any act, omission or other conduct of ESS contributing thereto.

By reason of the foregoing, Defendant Ford Motor Company is or will be liable to ESS in the event and in the amount of any judgment recovered against ESS.

WHEREFORE, ESS demands judgment against Ford Motor Company on this cross-claim.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Court does not have personal jurisdiction over ESS.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Court does not have subject matter jurisdiction over this action.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Verified Complaint fails to state a cause of action against defendant ESS.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Venue in the United States District Court for the Southern District of New York is improper.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiff used and/or permitted the use of the product that is alleged to form the basis of this lawsuit, he assumed any and all risks associated with the use of said product.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

That Plaintiff's damages, if any, were caused by intervening and superseding factors, including but not limited to the unforeseeable misuse of the product.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, the damages alleged in the Complaint were caused or contributed to by the culpable conduct of some third person or entity over which ESS exercised no control.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join all indispensable parties under Fed. R. Civ. P. 19.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The incident and damages complained of were caused by the unauthorized, unintended and/or improper use of the product referenced in the Complaint.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited as the plaintiff failed to mitigate damages.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

ESS breached no duty of care to the plaintiff.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery due to the lack of compliance with the terms of any and all express and/or implied warranties.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, whatever damages Plaintiff may have sustained were caused in whole or in part by the culpable conduct of the Plaintiff. The amount of damages recovered, if any, shall therefore be diminished and offset in proportion to which said culpable conduct attributable to the Plaintiff bears to the culpable conduct which caused such damages.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrines of waiver, release and estoppel.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

The amount in controversy does not meet the jurisdictional requirements of this Court in a diversity action.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff used the subject vehicle for commercial and business purposes, thus bringing it outside the provisions of the New Jersey Consumer Fraud Act N.J.S.A. §6:8 et seq., the New York General Business Law 198-a and 15 U.S.C.A. 2301 et seq.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

ESS reserves the right to supplement these affirmative defenses up to and including time of trial.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

The plaintiff's vehicle was not subject to repeated failure of the same parts, equipment or systems and was successfully repaired within a reasonable time.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff wrongfully refused to accept the subject motor vehicle after requisite repairs were successfully made within a reasonable time.

**WHEREFORE**, Defendant Equipment Sales & Service, Inc., by its attorneys McElroy, Deutsch, Mulvaney & Carpenter, LLP, demands judgment as follows: (1) dismissing the Complaint against it together with costs and disbursements of this action, including attorneys' fees, or, (2) should the Plaintiff recover a verdict or judgment against ESS, then the pro-rata and/or proportionate share of liability should be assessed as to each party according to their degree of culpability, and/or for judgment over on the cross-claims against the co-defendant, together with costs and disbursements of this action, including attorneys' fees, and (3) for such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        February 14, 2008

_____
John P. Cookson (JC 9391)
McElroy, Deutsch, Mulvaney & Carpenter, LLP
*Attorneys for Defendant Equipment Sales & Service, Inc.*
Wall Street Plaza
88 Pine Street – 24th Floor
New York, New York 10005
Phone: (212)-483-9490
Fax: (212)-483-9129

TO:   Sergei Lemberg, Esq.(SL 6331)
      Lemberg & Associates, L.L.C.
      *Attorneys for Plaintiff*
      30 Oak Street, Suite 304
      Stamford, CT 06905
      Phone: (203)-653-2250
      Fax: (203)-653-3424

      James S. Dobis, Esq. (JD 1425)
      Dobis, Russell & Peterson
      *Attorneys for Defendant, Ford Motor Company*
      7 Elk Street, Lower Level
      New York, NY 10007
      Phone: (212)-593-3310
      Fax: (973)-740-2484

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CHRIS DE LUCA,

                                  Plaintiff,

-against-

EQUIPMENT SALES & SERVICE, INC.
And FORD MOTOR CORPORATION,

                                  Defendants.
------------------------------------------------------------------X

07 CIV. 9621 (CLB)

RULE 7.1 STATEMENT

      Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local General Rule 1.9] and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for Equipment Sales & Service, Inc. (a private non-governmental party) certifies that the following are corporate parents, affiliates and/or subsidiaries of said party, which are publicly held.

      None

Date: February 14, 2008

                                                John R. Cookson (JC-9391)
                                                Attorney for Defendant,
                                                Equipment Sales & Service, Inc.

## CERTIFICATION OF SERVICE

I hereby certify that on the 14th day of February 2008, I electronically filed the foregoing ANSWER OF EQUIPMENT SALES and SERVICE, INC., with the Clerk of the Court using the CM/ECF System which sends notification to appearing parties.

McElroy, Deutsch, Mulvaney & Carpenter, LLP

_____
John P. Cookson (JC 9391)
McElroy, Deutsch, Mulvaney & Carpenter, LLP
*Attorneys for Defendant Equipment Sales & Service, Inc.*
Wall Street Plaza
88 Pine Street – 24th Floor
New York, New York 10005
Phone: (212)-483-9490
Fax: (212)-483-9129